UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
2023 MSPB 21

Docket No. CB-7521-21-0017-T-1

**Pere J. Jarboe,**

**Appellant,**

**v.**

**Department of Health & Human Services,**

**Agency.**

August 1, 2023

Pere J. Jarboe, Annapolis, Maryland, pro se.

Elizabeth Mary Hady, Esquire, and Jacqueline Zydeck, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**OPINION AND ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his complaint under 5 U.S.C. § 7521 for lack of jurisdiction. For the reasons set forth below, we DENY the appellant's petition and AFFIRM the initial decision as MODIFIED to correct the jurisdictional analysis and VACATE the alternative finding that the complaint is barred by res judicata.

BACKGROUND

¶2  The appellant is employed by the agency as an administrative law judge (ALJ). *Jarboe v. Department of Health and Human Services*, MSPB Docket

No. CB-7521-21-0017-T-1, Complaint File (CF), Tab 1 at 1. On January 19, 2018, the agency filed a complaint pursuant to 5 U.S.C. § 7521, asking the Board to find good cause to remove the appellant from his ALJ position for his alleged failure to properly adjudicate Medicare appeals, supervise his staff, and follow supervisory instructions. *Department of Health and Human Services v. Jarboe*, MSPB Docket No. CB-7521-18-0009-T-1, Initial Decision (Feb. 3, 2020). The complaint was assigned to a presiding ALJ, who issued an initial decision finding good cause for the appellant's removal. *Id.* The appellant filed a petition for review of that decision, and the agency's complaint remains pending before the Board. *Department of Health and Human Services v. Jarboe*, MSPB Docket No. CB-7521-18-0009-T-1, Petition for Review File, Tab 3.

¶3 Shortly thereafter, the appellant filed a complaint alleging that he had suffered a constructive removal. *Department of Health and Human Services v. Jarboe*, MSPB Docket No. CB-7521-20-0011-T-1, Initial Decision (May 12, 2020). The appellant subsequently filed a request to withdraw his complaint, and the presiding ALJ dismissed the complaint as withdrawn. *Id.* The presiding official's decision in that complaint became final when neither party filed a petition for review.

¶4 On July 2, 2021, the appellant filed the instant complaint, again alleging that he had been constructively removed. CF, Tab 1. The agency moved to dismiss the complaint, arguing that the Board lacked jurisdiction over the appellant's constructive removal claim because he remained employed in his ALJ position, albeit on administrative leave. CF, Tab 7. In the alternative, the agency argued that the complaint was barred under the doctrine of res judicata. *Id.* The presiding official granted the agency's motion and dismissed the complaint on both grounds identified by the agency. CF, Tab 9, Initial Decision. The appellant filed the instant petition for review, to which the agency has responded. *Jarboe v. Department of Health and Human Services*, MSPB Docket No. CB-7521-21-0017-T-1, Petition for Review File, Tabs 1, 4.

## ANALYSIS

¶5    Title 5 U.S.C. § 7521(a) provides that an "action" may be taken against an ALJ by the employing agency only for good cause established and determined by the Board on the record, after an opportunity for a hearing.  The actions covered by the statute include:  (1) a removal; (2) a suspension; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less.  5 U.S.C. § 7521(b).  An agency seeking to take such an action against an ALJ may file a complaint with the Board under the procedures set forth at 5 C.F.R. § 1201.137. If, following an opportunity for a hearing, the Board determines that the agency has established good cause to take an action under 5 U.S.C. § 7521(b), the agency may take the approved action, though it is not required to do so.  *See Social Security Administration v. Levinson*, 2023 MSPB 20, ¶¶ 37-38 (explaining that "when the Board makes a good cause determination, it authorizes but does not require the petitioner to act").

¶6    In the case of *In re Doyle*, 29 M.S.P.R. 170, 174-75 (1985), the Board held that the term "removal," as used in 5 U.S.C. § 7521, may extend to agency actions that impair an ALJ's qualified judicial independence.  Some years later, the Board codified the holding of *Doyle* in a new regulation, following notice and comment rulemaking procedures.  *See* 62 Fed. Reg. 48449-01 (Sept. 16, 1997).  The new regulation provided that an ALJ "who alleges that an agency has interfered with the judge's qualified decisional independence so as to constitute an unauthorized action under 5 U.S.C. § 7521 may file a complaint with the Board" under the same procedures applicable to an agency complaint.  5 C.F.R. § 1201.142 (1998).

¶7    Subsequently, in *Tunik v. Social Security Administration*, 93 M.S.P.R. 482 (2003) (*Tunik I*), *rev'd in part, vacated in part, and remanded*, 407 F.3d 1326 (Fed. Cir. 2005) (*Tunik II*), the Board determined that *Doyle* had been incorrectly decided.  The Board reasoned that, under the *Doyle* rule, an agency would have to first seek the Board's permission, with the opportunity for a full evidentiary hearing, every time it wants to take actions involving such things as case

processing matters and training requirements. *Id.*, ¶ 30. The Board was not persuaded that this sort of micromanagement, and the likely slowdown in the agency's work that it would cause, is what Congress intended when it used the word "removal" in 5 U.S.C. § 7521. *Tunik I*, 93 M.S.P.R. 482, ¶ 31. The Board concluded that, in order to establish a constructive removal under 5 U.S.C. § 7521, the ALJ must have actually been separated or reassigned from the position of ALJ and must show that the decision to leave was involuntary under the same test for involuntariness applicable to constructive removal claims under 5 U.S.C. § 7512. *Tunik I*, 93 M.S.P.R. 482, ¶ 32. Because Tunik was not separated from his ALJ position when he filed his complaint, the Board dismissed his constructive removal claim for lack of jurisdiction. *Id.* Following *Tunik I*, the Board similarly dismissed other constructive removal complaints filed by sitting ALJs. *See Schloss v. Social Security Administration*, 93 M.S.P.R. 578, ¶ 9 (2003), *rev'd and remanded sub nom. Tunik II*, 407 F.3d 1326; *Dethloff v. Social Security Administration*, 93 M.S.P.R. 574, ¶¶ 7-8 (2003), *rev'd and remanded sub nom. Tunik II*, 407 F.3d 1326.

¶8        In a consolidated appeal involving *Tunik I* and the cases that followed it, the U.S. Court of Appeals for the Federal Circuit agreed with the Board's reasoning that the plain language of 5 U.S.C. § 7521 "reasonably can be read to apply only to cases of actual separation from employment as an ALJ." *Tunik II*, 407 F.3d at 1339. The court found, however, that the regulation that codified the holding of *Doyle* was controlling, and the Board lacked authority to overrule it by adjudication. *Tunik II*, 407 F.3d at 1341-46. Accordingly, the court reversed and remanded the Board decisions that had followed the holding of *Tunik I*.[1] The court observed that its decision did not foreclose the Board from repealing its

---

[1] The court vacated *Tunik I* itself, reasoning that ALJ Tunik had retired before the issuance of the Board's decision, thus rendering it an advisory opinion prohibited under 5 U.S.C. § 1204(h). *Tunik II*, 407 F.3d at 1331-32.

regulation adopting the *Doyle* rule in accordance with the notice and comment rule making procedures required under 5 U.S.C. § 553. *Tunik II*, 407 F.3d at 1346.

¶9    Following the court's suggestion, the Board proposed an amendment to 5 C.F.R. § 1201.142 to repeal the *Doyle* rule, and published the proposed change for comments. 70 Fed. Reg. 48081-01 (Aug. 16, 2005); *see also* 70 Fed. Reg. 61750-01 (Oct. 26, 2005) (extending the deadline for comments). After considering the comments received, the Board adopted the rule as proposed, thereby overruling *Doyle*. 71 Fed. Reg. 34231-01 (June 14, 2006); *see Mahoney v. Donovan*, 721 F.3d 633, 637 (D.C. Cir. 2013) (noting the regulatory repeal of *Doyle*); 5 C.F.R. § 1201.142 (2007).[2] As the Board has not since issued a precedential decision acknowledging the regulatory overruling of *Doyle*, we do so now, and hereby clarify that a sitting ALJ may not bring a constructive removal complaint under 5 U.S.C. § 7521.

¶10    It is undisputed that the appellant remains employed in his ALJ position. Accordingly, we affirm the presiding ALJ's finding that the Board lacks jurisdiction over the appellant's constructive removal complaint. Because we lack jurisdiction, we vacate the presiding ALJ's alternative finding that the complaint is barred by res judicata. *See Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 7 (2003) (holding that the Board must have jurisdiction over a case to apply the doctrine of res judicata).

## ORDER

¶11    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

---

[2] In its revised form, 5 C.F.R. § 1201.142 allows for the filing of a complaint by an ALJ "who alleges a constructive removal or other action by an agency in violation of 5 U.S.C. § 7521[.]"

NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.